UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH A. CRUM,

                                                      Plaintiff,
            vs.
                                                                      9:06-CV-512
MARK DUPELL, ISO Staff FCI Ray Brook;                                 (FJS/GJD)
HENRY J. SADOWSKI, Regional Counsel;
THOMAS YANDO, IRO Staff, FCI Ray Brook;
PENA, Officer R & D Staff,

                                                      Defendants.

_____

JOSEPH A. CRUM
Plaintiff pro se

GLENN T. SUDDABY                          BARBARA D. COTTRELL
United States Attorney                    Asst. U.S. Attorney
Northern District of New York
Attorney for Respondent

GUSTAVE J. DI BIANCO, Magistrate Judge

                        **REPORT-RECOMMENDATION**

        This matter has been referred to me for Report and Recommendation by the

Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28

U.S.C. § 636(b) and LOCAL RULES N.D.N.Y. 72.3(c).

        Plaintiff has brought this action pursuant to *Bivens v. Six Unknown Named*

*Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for constitutional

violations[1] resulting from the loss or destruction of his personal property during a transfer from the Federal Correctional Institution (FCI) Ray Brook to FCI McKean on August 5, 2005.  Plaintiff has also brought a claim for negligence under the Federal Tort Claims Act, 28 U.S.C. § 2671.  Plaintiff seeks substantial monetary relief.

Presently before the court is defendants motion to dismiss and in the alternative for summary judgment pursuant to FED. R. CIV. P. 12(b)(6) and 56. (Dkt. No. 16). Plaintiff has responded in opposition to the motion, and defendants have filed a reply. (Dkt. Nos. 17, 18).  For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint.

## DISCUSSION

### 1.    <u>Motion to Dismiss</u>

A court may not dismiss an action pursuant to Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994)(citing *inter alia Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The court must accept the material facts alleged in the complaint as true. *Id*. (citing *Cooper v. Pate*, 378 U.S. 546 (1964)(per curiam)).

In determining whether a complaint states a cause of action, great liberality is afforded to pro se litigants. *Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)(citation omitted).  For purposes of a Rule 12(b)(6) motion, the

---

[1] Plaintiff filed his complaint on a form for 42 U.S.C. § 1983 cases, however, it is clear that none of the defendants are acting under color of "state" law, and that the proper basis for plaintiff's constitutional claims is *Bivens*.

"complaint" includes any written instrument attached to the complaint and any statements incorporated into it by reference. *Gant v. Wallingford Bd. of Education*, 69 F.3d 669, 674 (2d Cir. 1995)(citations omitted).

It is well settled that when considering a motion to dismiss, the court is constrained to consider ***only*** the face of the complaint and the documents referred to above. *Id.* If the court considers materials outside the complaint, the appropriate motion is one for summary judgment pursuant to FED. R. CIV. P. 56.

## 2.    **Summary Judgment**

Summary judgment is proper only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bryant v. Malffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991). All factual inferences must be drawn in favor of the nonmoving party. *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)(citing *Nora Beverages, Inc. v. Perrier Group of America, Inc.*, 164 F.3d 736, 742 (2d Cir. 1998)). In the case of a pro se plaintiff, the court must interpret the pleadings to "'raise the strongest arguments that they suggest.'" *Id.* (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

In this case, defendants have made their motion in the alternative and have submitted substantial material outside of the complaint. I find that the defendants exhibits must be considered, thus, this court will treat this motion as one for summary judgment, utilizing the appropriate standard.

## 3.    **Facts**

Plaintiff was incarcerated at FCI Ray Brook from January 16, 2003 until August

3

5, 2005. Defendants' Ex.[2] 1(D)(attached to Dkt. No. 16).  Plaintiff alleges that on

March 20, 2005, he was placed in the Special Housing Unit (SHU) at Ray Brook.

Plaintiff claims that when he was transferred to SHU, the Ray Brook staff prepared a

property inventory, listing the personal property that plaintiff had in his possession.

Complaint at p.4(c).[3]  Plaintiff claims that at the time he entered SHU, among other

items of personal property, he had a gold-plated chain; a wedding band; and "Trial

Transcripts." *Id.*

Plaintiff states that on August 5, 2005, between 4:00 a.m. and 5:00 a.m.,

defendants Yando, Dupell, and Pena came to plaintiff's cell and told him to gather all

his personal belongings because he was being escorted to "R & D" (Receiving and

Discharge) prior to being transferred to another facility. *Id.*  Plaintiff claims that he

gave the R& D staff everything that belonged to plaintiff, including his religious

medallion, his gold chain, his wedding band, and his trial transcripts. *Id.*  Plaintiff

states that he complained to the staff because they would not allow him to watch them

pack his property, and the officers told plaintiff that they were not required to pack the

property in his presence. *Id.*

Plaintiff claims that on September 1, 2005, after his transfer to FCI McKean, he

---

[2] Defendants' Exhibit 1 is the declaration of Patrick Ward, Attorney Advisor at the Federal Bureau of Prisons (BOP).  Attached to the Ward Declaration are Exhibits 1(A) through 1(J).

[3] The complaint form has pages numbered at the bottom of each page, but plaintiff has inserted additional pages in between the numbered pages.  The court will refer to the form's page number and when citing to plaintiff's additional pages, will refer to the form page with a letter extension in parentheses (i.e. page 4 and pages 4(a) or 4(b)).

discovered that six volumes of trial transcripts, religious medallion, gold chain, and wedding band were all missing from his property. *Id.* at 4(d).  Plaintiff states that "all" of the property that he gave to the SHU staff at Ray Brook was missing.  Plaintiff states that he promptly informed the R & D staff at FCI McKean of the problem and demanded that his property be returned, however, as of the date of his federal complaint, the property had not been returned to him. *Id.*

On September 19, 2005, plaintiff filed a Federal Tort Claim with defendant Regional Counsel Henry J. Sadowski.  Plaintiff's claim was denied, and plaintiff alleges that the investigation was insufficient and that defendant Sadowski's "information" was "arbitrary and capricious."  Then plaintiff suddenly states that his personal property was "intentionally destroyed" by FCI Ray Brook staff members Dupell, Yando, and Pena. *Id.*  Plaintiff alleges that defendant Sadowski was biased toward plaintiff because plaintiff filed "successive tort claims," and that defendant Sadowski's failure to properly investigate "caused" the loss of plaintiff's property and "failed to remedy the wrong."

Plaintiff lists three "Causes of Action." Complaint at 5.  Plaintiff first claims that defendants Dupell, Yando, and Pena "intentionally and maliciously" destroyed plaintiff's personal property, including his legal papers which were "essential" to plaintiff's appeal, depriving plaintiff of Due Process.  Second, plaintiff alleges that defendants Dupell, Yando, and Pena "frustrated and impeded plaintiff's efforts to pursue a non-frivolous legal claim," depriving plaintiff of Due Process.  Third, plaintiff alleges that defendants Dupell, Yando, and Pena violated Bureau of Prisons

5

regulations and federal laws in their handling of plaintiff's property and refused to let plaintiff watch them pack his property while allowing other inmates to watch their property being packed in violation of the Fifth Amendment.[4]

Because plaintiff is pro se, and as stated above, his complaint will be read to raise the strongest arguments that it suggests, this court will consider not only the constitutional claims but the FTCA claim as well.

### 4.   Exhaustion of Administrative Remedies

Plaintiff brings this action pursuant to both *Bivens* and the FTCA.  A claim under *Bivens* is a constitutional claim, and according to the Prison Litigation Reform Act (PLRA), exhaustion of administrative remedies is required prior to bringing an action in Federal Court. 42 U.S.C. § 1997e(a).  A Federal Tort Claim in contrast is a claim against the United States that alleges a ***non-constitutional*** tort claim.

The FTCA provides that the United States shall be liable for torts committed by its employees in the same manner and to the same extent that a private individual would be liable under the same circumstances. 28 U.S.C. § 2674.  Exhaustion of administrative procedures is also required under the FTCA. 28 C.F.R. §§ 543.30-.32.  However, the exhaustion procedures under the FTCA and under the PLRA for *Bivens* claims differ, and fulfillment of one does not constitute satisfaction of the other. *Owusu v. Fed. Bureau of Prisons*, 02 Civ. 915, 2002 U.S. Dist. LEXIS 162, *5-7

---

[4] Plaintiff also claims that his Fourteenth Amendment rights were violated, but the Fourteenth Amendment due process and equal protection clause only applies to the States. U.S. CONST. amend XIV, § 1.  The Fifth Amendment due process clause applies in this case with defendants who are acting under Federal law.

(S.D.N.Y. Jan. 7, 2003)(citations omitted).

There is no dispute in this action that plaintiff has exhausted both types of claims that he brings before this court.  Thus, the court may proceed to consider the merits of plaintiff's claims.

**5.** ***Bivens* Claim**

*Bivens* established a cause of action for monetary damages resulting from the violation of a constitutional right by federal agents or employees, acting under color of federal law. *Kinoy v. Mitchell*, 851 F.2d 591, 594 (2d Cir. 1988)(citing *Bivens, supra*). In this case, plaintiff alleges that defendants deprived him of his property without due process of law when they either lost or destroyed the property during plaintiff's transfer to FCI McKean.

However, the mere allegation of a property deprivation is insufficient to state a constitutional claim under the Due Process clause. *Hudson v. Palmer*, 468 U.S. 517, 540 (1983).  To the extent that plaintiff claims that the property was "lost" due to defendants' negligence, the court notes that negligence does ***not*** rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Nwaokocha v. Sadowski*, 369 F. Supp. 2d 362, 370 (E.D.N.Y. 2005).

To the extent that plaintiff alleges that defendants "intentionally" destroyed his property, the Court in *Hudson* held that even an intentional deprivation of property will not be actionable if a meaningful post-deprivation remedy for the loss is available. *Hudson*, 468 U.S. at 517.  This rule applies if the act of which plaintiff

7

complains is "random and unauthorized." *Alexandre v. Cortes*, 140 F.3d 406, 411 (2d Cir. 1998). In this case, plaintiff claims that the defendants were violating regulations and policies, and plaintiff does not claim that the deprivation resulted from an "established" procedure. Therefore, *Hudson* applies.

Although the court in *Hudson* was referring to a claim under 42 U.S.C. § 1983 and the availability of state post-deprivation remedies, this holding has been applied to claims under *Bivens* involving federal employees and federal post-deprivation remedies. *See Stuto v. Fleishman*, 164 F.3d 820, 825 (2d Cir. 1999)(quoting *Hudson*, 468 U.S. at 533); *Turkmen v. Ashcroft*, 02-CV-2307, 2006 U.S. Dist. LEXIS 39170, *137 n.39 (E.D.N.Y. June 14, 2006)(citations omitted). In challenging the deprivation, plaintiff must either utilize the available remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 540.

Plaintiff in this case had available remedies to challenge the loss of his property, and he utilized them. Plaintiff challenged the deprivation both through the administrative remedy procedure of the BOP as well as through the FTCA. Defendants' Ex. 1(H)-1(J) (administrative remedy procedure); Ex. F (FTCA claim). The problem in plaintiff's case was not that these remedies were inadequate, but that plaintiff did not have sufficient evidence to show that he had experienced a loss. Because plaintiff had sufficient post-deprivation remedies available, his *Bivens* claim for loss or destruction of property cannot survive.[5] The plaintiff's complaint may be

---

[5] To the extent that plaintiff somehow claims a denial of access to courts due to the loss of his trial transcripts, this claim also cannot survive. The Supreme Court has held that an inmate alleging a denial of access to courts must show ***actual injury*** as a result of the deficient access to

dismissed as against *all* defendants individually.

6.   **FTCA Claim**

The FTCA waives the sovereign immunity of the United States to allow for civil actions for injury or loss of property caused by the negligent or wrongful act or omission of a Government employee while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable under the law of the place where the conduct or omission occurred. *Hallock v. Bonner*, 387 F.3d 147, 151 (2d Cir. 2004)(citing 28 U.S.C. § 1346(b)(1)).  Thus, in this case, New York law applies.  The Second Circuit has analyzed those provisions to authorize recovery for conversion of property and for negligent damage to property. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d cir. 1999).

In this case, plaintiff exhausted his administrative remedies under the FTCA. The court also notes, however, that the proper defendant in an FTCA action is the United States. *See Nwaokocha*, 369 F. Supp. 2d at 372.  The United States has not been named in this action, nor has it been properly served.  If this case were to continue, the individual defendants would be dismissed from the action, and United States would have to be substituted as a defendant and properly served according to FED. R. CIV. P. 4(I)(1).

---

courts. *Lewis v. Casey*, 518 U.S. 343 (1996).  The **cause of the injury** must be inadequacy of the access.  *Id.* at 351.  Plaintiff must show that a non-frivolous legal claim was frustrated or impeded due to the actions of prison officials. *Warburton v. Underwood*, 2 F. Supp. 2d 306, 312 (W.D.N.Y. 1998)(quoting *Lewis v. Casey*, 518 U.S. at 353).  Although plaintiff alleges that his trial transcripts were lost, there is no indication that his criminal appeal was lost **because of** the loss of the transcripts.

Under New York law, an individual is liable for negligence if the defendant owed plaintiff a duty of care; the defendant breached that duty; and the breach caused the plaintiff's injuries. *Atkins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333, 424 N.E.2d 531, 535, 441 N.Y.S.2d 644,648 (1981). Under the FTCA, the government owes a duty of care to federal prisoners, governed by 18 U.S.C. § 4042. The Government must exercise ordinary diligence to keep prisoners safe and free from harm. *Jones v. United States*, 534 F.2d 53, 54 (5th Cir.), *cert. denied*, 429 U.S. 978 (1976).

The defendants have submitted all the documents that were obtained in the administrative investigations of plaintiff's complaint. Plaintiff was transferred on August 5, 2005, but plaintiff's property was inventoried and packaged for transfer on August 15, 2005. Plaintiff was not present for the packing of his belongings. The Inmate Personal Property Record inventory was signed by E. Pena and M. Dupell, however, plaintiff claims that defendant Yando was also present when plaintiff gave his property to defendant Pena. Defendants' Ex. 2 at pp.1-2. According to this inventory, there is no indication that plaintiff had a religious medal, gold chain, or ring in his property. *Id.* The inventory does indicate that there were two sets of legal materials, one was noted as being 2" thick and the other was 3" thick.

Plaintiff signed for the property on September 1, 2005. *Id.* at p.4. The box containing plaintiff's signature on the form contains instructions stating that if "there is missing or damaged property, this information should be noted under Comments." *Id.* Below that language is a space for "Comments." *Id.* Although plaintiff's signature

10

appears in this box, there are *no* "comments" in the appropriate space for missing or damaged property.

Plaintiff claims that he possessed these items prior to his transfer and states that a property inventory that was completed in March of 2005 when he was transferred into SHU would show that he had these items.  However, defendants have submitted the property inventory for the SHU transfer, and there is no indication that plaintiff had the religious medal, the ring, or the gold chain. Defendants' Ex. 1(F) at p.4. Defendant Sadowski's investigation did show that on March 21, 2005, plaintiff did have "seven bundles" of legal materials.  In January of *2003* it appears from a property inventory that plaintiff *did have* a ring and a religious medallion. Defendants' Ex. 1(F) at pp.18-20.

The fact that plaintiff had property in 2003 does not support a causal connection between the actions of the defendants and any loss or injury suffered by plaintiff.  The forms submitted by defendants are detailed.  There is no indication on the August 2005 form that defendants packed a ring, chain, or religious medallion.  It is also clear that there were substantial amounts of legal materials (one package was 2" thick and the second package was 3" thick).

The forms for the property transfer were extremely detailed, and contain many items of personal property.  The inventory was completed *again* on September 1, 2005, and plaintiff was given the opportunity to review the items.  In his response to defendants' motion, plaintiff claims for the first time, that he and defendant Pena specifically discussed plaintiff's jewelry, and defendant Pena told plaintiff to put the

11

jewelry in an envelope.  However, plaintiff does not state whether he complied with this suggestion by defendant Pena.

Additionally, plaintiff now states that he was told at FCI McKean that he had to sign for his property, and that plaintiff felt that he had no choice.  However, as stated above, he could have signed for the property, but indicated on the form that some of it was missing.  Plaintiff has **not** shown that there is a question of fact regarding whether these defendants caused him injury.  Thus, even assuming that defendants owed plaintiff a duty of care toward his property, there is no showing that these defendants breached that duty or that their actions caused plaintiff's injury.  Plaintiff can not sustain an FTCA claim as against the United States even if it were a defendant, and the court will not order substitution of parties.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion for summary judgment (Dkt. No. 16) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 28, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge